**Arturo Esquivel CORTEZ, Petitioner—Appellee,**

v.

**C.A. TERHUNE, Warden, Respondent— Appellant.**

No. 03–55811.

D.C. No. CV–01–02276–FMC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 2, 2004.

Decided May 4, 2004.

---

Marilyn E. Bednarski, Senior Litigator, C. Renee Manes, Esq., Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellee.

Theresa A. Patterson, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellant.

Before KLEINFELD, WARDLAW, and BERZON, Circuit Judges.

### MEMORANDUM*

The state has conceded that Cortez's trial counsel was deficient. The only question before us is whether, under *Strickland v. Washington*, Cortez was prejudiced by that deficiency.[1]

Had Cortez's attorney taken the necessary steps to secure Morales's presence at trial, the jury likely would have heard Morales's confession to the crime for which Cortez was convicted. We reach this conclusion based on Morales's repeated out-of-court confessions and his expressions of willingness to testify consistent with those confessions.

Even had Morales opted to invoke his Fifth Amendment rights, his earlier confessions would likely have come in under California's exception to the hearsay rule for declarations contrary to the declarant's penal interests.[2] True, Morales's collateral statement that Cortez knew nothing about the drugs would likely not have been admissible as a declaration against Morales's penal interest.[3] Morales's statement that the drugs were his and his alone, however, most likely would have been admissible. Such a statement of exclusive ownership could have subjected Morales to a higher sentence under the California or

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

2. *See* Cal. Evid.Code § 240(a)(1); *id.* § 1230; *People v. Duarte*, 24 Cal.4th 603, 101 Cal. Rptr.2d 701, 12 P.3d 1110, 1114 (2000).

3. *See People v. Leach*, 15 Cal.3d 419, 124 Cal.Rptr. 752, 541 P.2d 296, 311 (1975) ("[W]e construe the exception to the hearsay rule relating to evidence of declarations against interest set forth in section 1230 of the Evidence Code to be inapplicable to evidence of any statement or portion of a statement not itself specifically disserving to the interests of the declarant.").

federal sentencing system.[4] Therefore, Morales's statement of *exclusive* ownership was against his penal interest, and would likely have been admissible.

Under these circumstances, there is a reasonable probability that the outcome would have been different but for counsel's deficient representation.[5] The state court's conclusion to the contrary resulted from an unreasonable application of *Strickland*.[6] As the district court concluded, Cortez is entitled to habeas relief.

AFFIRMED.

---

4. *See* Cal.Penal Code § 1170 (providing for determinate sentencing, including the use of aggravating circumstances for selecting among available sentences); Cal. Ct. R. 4.421(a)(4) (listing a defendant's leadership role as an aggravating circumstance); *United States v. Paguio*, 114 F.3d 928, 933–34 (9th Cir.1997) (holding that a declarant's statement "admitt[ing] not only participation but leadership" was admissible under the Federal Rules of Evidence as a statement against pe-

nal interest because it exposed declarant to a higher sentence).

5. *See Strickland*, 466 U.S. at 695.

